not close in the same manner as a bag that closes by rolling. Therefore, we also agree with the district court's conclusion that, as a matter of law, the Slide–Loc bag does not infringe the '143 patent under the doctrine of equivalents.[5]

Gary DAVIDSON, James Kelly and Ronald Livingston, Plaintiffs,

and

Danny Koonce, Plaintiff–Appellee,

v.

UNITED STATES, Defendant–Appellant.

No. 01–5022.

United States Court of Appeals, Federal Circuit.

Jan. 8, 2002.

Before CLEVENGER, RADER, and DYK, Circuit Judges.

Judgment

PER CURIAM.

This CAUSE having been heard and considered, it is ORDERED and ADJUDGED:

AFFIRMED. *See* Fed. Cir. R. 36.

MCLAREN PERFORMANCE TECHNOLOGIES, INC. (Also known as McLaren Auto Group Inc. and Formerly known as Asha Corporation), Plaintiff–Appellant,

v.

DANA CORPORATION, Defendant–Appellee.

No. 01–1270.

United States Court of Appeals, Federal Circuit.

Jan. 8, 2002.

Before MICHEL, BRYSON and LINN, Circuit Judges.

5. The testimony of Pactiv's expert Dr. James Conley, which simply recites the familiar function/way/result test and concludes that the Slide–Loc bag infringes the '143 patent by the doctrine of equivalents, without further analysis or explanation, is insufficient to de-

feat summary judgment. *Cf. Malta v. Schulmerich Carillons, Inc.*, 952 F.2d 1320, 1327, 21 USPQ2d 1161, 1166 (Fed.Cir.1991) (conclusory statements are not "sufficiently particularized" to support a finding of infringement under the doctrine of equivalents).

*Judgment*

PER CURIAM.

This CAUSE having been heard and considered, it is ORDERED and AD-JUDGED:

AFFIRMED. *See* Fed. Cir. R. 36.

Carmelo RODRIGUEZ, Petitioner,

v.

DEPARTMENT OF JUSTICE, Respondent.

No. 01–3378.

United States Court of Appeals, Federal Circuit.

Jan. 9, 2002.